1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11    AUGUST T. PACE,

12              Plaintiff,                        No. C 07-3742 PJH

13         v.                                     **ORDER GRANTING MOTIONS
                                                  TO REMAND**
14    D. JAMES BIDZOS, et al.,

15              Defendants.
      _____
16
      THOMAS MYKITYSHYN,
17                                                No. C 07-3332 PJH
                Plaintiff,
18                                                RELATED CASES
           v.
19
      D. JAMES BIDZOS, et al.,
20    _____/

21         The motions of plaintiffs August T. Pace and Thomas Mykityshyn for an order

22    remanding the above-entitled actions to the Superior Court of California, County of Santa

23    Clara, came on for hearing before this court on October 3, 2007.  Plaintiffs appeared by

24    their counsel Patrice L. Bishop, and defendants appeared by their counsel Christopher

25    McGrath, Edward Han, and Grant P. Fondo.  Having read the parties' papers and carefully

26    considered their arguments and the relevant legal authority, and good cause appearing, the

27    court hereby GRANTS the motions as follows, for the reasons stated at the hearing.

28         The plaintiff in each of these substantially identical proposed class actions alleges a

United States District Court
For the Northern District of California

claim of breach of the duty of disclosure, in connection with the alleged backdating of stock option grants at defendant VeriSign, Inc. ("VeriSign"); and a claim for rescission, seeking an order rescinding various amendments made to VeriSign's option plans.  The cases were originally filed in Santa Clara Superior Court.

Defendants removed the cases, asserting that because plaintiffs allege misrepresentations of material facts by defendants in connection with the purchase or sale of covered securities, or because they allege that defendants used or employed a manipulative or deceptive device or contrivance in connection with the purchase or sale of securities, the allegations in the complaint fall within the preemption and removal provisions of the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 78bb ("SLUSA"). Under SLUSA, no "covered class action" based on state law and alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security"[1] may be "maintained in any State or Federal Court by any private party."  15 U.S.C. § 78bb(f)(1)(A).

Plaintiffs seek an order remanding the cases.  They argue that the cases are not preempted under SLUSA because an exemption applies.  Certain types of class actions are exempted under SLUSA if they are based on the statutory or common law of the issuer's state of incorporation.  See 15 U.S.C. § 78bb(f)(3).  This exemption is known as the "Delaware carve-out."  See City of Ann Arbor Employees' Retirement Sys. v. Gecht, 2007 WL 760568, at *2 (N.D. Cal., March 9, 2007).

The exemption has two prongs – class actions that involve "(I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer;" and class actions that involve "(II) any recommendation, position, or other communication with respect to the sale of securities of an issuer . . . that is made by or on behalf of the issuer . . . to holders of equity securities of the issuer . . . [and]

---

[1]  "The grant of an employee stock option on a covered security is . . . a 'sale' of that covered security" for purposes of SLUSA preemption."  Falkowski v. Imation Corp., 309 F.3d 1123, 1129-30 (9th Cir. 2002).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    concerns decisions of such equity holders with respect to voting their securities . . . ." 15

2    U.S.C. § 78bb(f)(3)(A)(ii)(I), (II).  Plaintiffs argue that both prongs apply here.  Defendants

3    contend that neither prong applies.

4         The court finds that plaintiffs' motions must be GRANTED.  A defendant may

5    remove a civil action filed in state court if the action could have originally been filed in

6    federal court.  28 U.S.C. § 1441.  The removal statutes are construed restrictively, so as to

7    limit removal jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09

8    (1941); Hofler v. Aetna US Healthcare, 296 F.3d 764, 767 (9th Cir. 2002).

9         The district court must remand the case if it appears before final judgment that the

10   court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The burden of establishing

11   federal jurisdiction for purposes of removal is on the party seeking removal.  Valdez v.

12   Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  There is a strong presumption

13   against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

14   Doubts as to removability are resolved in favor of remanding the case to state court.

15   Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

16        As an initial matter, the court finds no support in the statute for defendants' claim

17   that the Delaware carve-out applies only to cases brought in the state courts of the state of

18   incorporation.  Moreover, the two district court cases cited by defendants – In re

19   WorldCom, Inc. Sec. Litig., 2003 WL 716243, at *3 n.31 (S.D.N.Y., March 3, 2003); and

20   Drulias v. ADE Corp., 2006 WL 1766502, at *1 (D.Mass., June 26, 2006) – are not

21   persuasive, as those courts' comments are, at most, dicta.

22        While it is less clear that prong (I) of the carve-out applies here, the court finds that

23   prong (II) does apply.  Plaintiffs allege claims under state law, and the proxy statements

24   urging shareholders to vote on an increase in the number of shares available for option

25   grants constitute "communication[s]" made "on behalf of" VeriSign to "holders" of VeriSign's

26   equity securities, and "concern[ ] decisions of such equity holders with respect to voting

27   their securities."  15 U.S.C. § 78bb(f)(3)(A)(ii)(II).

28        The reasoning in two recent district court cases also supports a finding that the

3

United States District Court

For the Northern District of California

1 present cases were improperly removed under SLUSA.  In <u>Indiana Elec. Workers Pension</u>

2 <u>Trust Fund v. Millard</u>, 2007 WL 2141697 (S.D.N.Y., July 25, 2007), the plaintiffs filed suit in

3 a New York state court, alleging that the defendants had breached their duty of disclosure

4 by making misrepresentations and failing to disclose material facts in proxy statements,

5 concerning a scheme to improperly backdate stock options, thereby persuading

6 shareholders to vote to authorize an increase in the number of shares available in the

7 company's stock option plan.  The defendants removed the case, alleging SLUSA

8 preemption.

9      The court held that prong (II) of the Delaware carve-out precluded removal. The

10 court concluded that  "[b]ecause the plaintiff's allegations relate to communications

11 concerning a shareholder vote to expand [the company's] stock option plan, the 'voting

12 their securities' element of prong (II) is satisfied." <u>Id.</u>, 2007 WL 2141697, *8.

13      In <u>Gecht</u>, the plaintiffs filed suit in a California state court, alleging that the

14 defendants had failed to disclose in the company's proxy statement their practice of

15 backdating stock option grants.  The defendants removed the case, alleging SLUSA

16 preemption.  The plaintiffs moved for an order remanding the case, arguing that removal

17 was precluded based on prong (II) of the Delaware carve-out.

18      The defendants argued that a proxy statement seeking authorization for the

19 issuance of more stock options was not sufficiently related to a "sale of securities" to

20 constitute a "communication . . . with respect to the sale of securities."  The court, however,

21 following a thorough analysis of the meaning of "with respect to," concluded that the phrase

22 did not differ in any meaningful way from the phrase "in connection with" that appears in

23 SLUSA's core provisions, and held that the allegations fell within prong "(II)" of the carve-

24 out.  <u>Id.</u>, 2007 WL 760568, *4-7.[2]

25      Because the court finds that the motions must be GRANTED, in accordance with the

26

27      [2]  Although the court in <u>Gecht</u> ultimately denied the motion to remand, it was because
28 the case had also been removed based on diversity jurisdiction, which the court determined
was present, and not because the SLUSA removal was found to have been proper.

4

1  foregoing, the cases are hereby  REMANDED to the Santa Clara Superior Court.

2

3  **IT IS SO ORDERED.**

4  Dated:  October 3, 2007

5  _____
   PHYLLIS J. HAMILTON
   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5